UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHERYL FOWLER, PATRICK LUCAS, | ) | |
| WANDA LUCAS, | ) | |
| and WILLIAM J. MORTON | ) | |
| on behalf of themselves and | ) | |
| all others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:12-cv-02356- SCJ |
| v. | ) | |
| | ) | |
| SCANA ENERGY MARKETING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____/ | | |

## ORDER PRELIMINARILY APPROVING SETTLEMENT AND SETTING SCHEDULE

Plaintiffs have filed a motion for an order preliminarily approving the class action settlement entered into between Plaintiffs Sheryl Fowler, Wanda Lucas, Patrick Lucas and William J. Morton and Defendant SCANA Energy Marketing, Inc.  SCANA does not oppose Plaintiffs' motion.

Upon consideration and review of  (1) the Settlement Agreement dated August 12, 2014, executed by the named Plaintiffs, as representatives of the proposed Settlement Class as defined in the Settlement Agreement, and by SCANA, (2) the exhibits thereto, and (3) the unopposed motion for preliminary

approval of the Settlement, the Court, upon due consideration, finds that the

Agreement should be preliminarily approved pending notice to potential

Settlement Class Members, and, subject to final determination by the Court as to

the fairness, reasonableness and adequacy of the Settlement, HEREBY ORDERS:

1.      Capitalized terms used, but not defined, herein shall have the meaning

set forth in the Agreement.

2.      Pursuant to Fed. R. Civ. P. Rule 23(e), the Court preliminarily

approves the Settlement in accordance with and as set forth in the Agreement as

fair, reasonable and adequate to the proposed Settlement Class under the

circumstances of this case.  Such preliminary approval is without prejudice to the

Court's final decision on the parties' motion to approve the Settlement after notice

and hearing.

3.      For purpose of the administration of the Settlement, the Court

provisionally certifies a proposed Settlement Class pursuant to Rule 23(e), defined

as follows:

> All individuals or entities who were, during the period from March 1,
> 2007 to the present, Georgia residents, SCANA customers, and
> enrolled in SCANA's (a) Standard Variable rate plan, (b) Choice
> Variable rate plan, or (c) Two-Part Variable rate plan, as those plans
> were identified in SCANA's Monthly Marketer Pricing Forms filed
> with the Georgia Public Service Commission during the relevant time
> period.

The proposed Settlement Class does not include:

(a)     All judicial officers in the United States and their families through the third degree of relationship;

(b)     SCANA and any of its officers, directors, and employees;

(c)     Any person who has already settled or otherwise compromised his or her claims against SCANA;[1]

(d)     Any person who files, before Final Approval, any bankruptcy proceeding;

(e)     Any person who has pending against SCANA, on the date the Court enters the Preliminary Approval Order through the date of Final Approval, any individual action wherein the recovery sought is based in whole or in part on the type of claims asserted in this Action;

(f)     All persons who Opt-Out.

The Court further appoints, for the purpose of the administration of the Settlement, Plaintiffs Sheryl Fowler, Wanda Lucas, Patrick Lucas and William J. Morton as Class Representatives and the following counsel as Class Counsel:

Jason R. Doss
THE DOSS FIRM, LLC
36 Trammell Street, Suite 101
Marietta, Georgia  30064

---

[1]  For purposes of this Agreement only, any person who received compensation from SCANA in connection with the resolution proceedings before the Georgia Public Service Commission in 2008 will not be considered to have settled or otherwise compromised his or her claims against SCANA.

Karl L. Cambronne
Jeffrey D. Bores
Bryan L. Bleichner
Chestnut Cambronne PA
17 Washington Avenue North
Suite 300
Minneapolis, Minnesota 55401-2048
(612) 339-7300 (T)
(612) 336-2940 (Facsimile)
kcambronne@chestnutcambronne.com
jbores@chestnutcambronne.com
bbleichner@chestnutcambronne.com

4.     Both the proposed Class Notice and the Claim Form (attached to the Agreement as Exhibits "A" and "B" respectively) and the manner of mailing and distribution of the Class Notice and Claim Form, as set forth in Paragraph 6 below and in the Agreement, are hereby approved by the Court as the best notice that is practicable under the circumstances.  The form of the Class Notice and the manner in which it is given comply with Rule 23(e) and the requirements of due process.

5.     Pursuant to Rule 23, **a Final Approval Hearing shall be held to consider the proposed settlement on December 17, 2014 at 11:00 a.m.** in Room 1907 of the United States District Court, Northern District of Georgia, Atlanta Division, Richard B. Russell Federal Building and United States Courthouse, 75 Spring Street, SW Atlanta, Georgia 30303.  At the Final Approval Hearing, the Court will consider a motion for entry of the Final Approval Order that, among other things, (a) finally approves the Settlement; (b) allows the Action, for the

4

purposes of this Settlement only, to continue as a class action on behalf of the

Settlement Class; (c) finds that the Class Notice, and the method of its distribution,

constitutes the best notice that is practicable under the circumstances; (d) resolves

any objections to the Settlement; (e) excludes from the Settlement Class only those

who validly and properly submitted an Exclusion Request, pursuant to the

procedures described herein; (f) permanently bars and enjoins Plaintiffs and all

Settlement Class Members, and any of them, from commencing, prosecuting,

instigating, or in any way participating in the commencement or prosecution of any

action asserting any Released Claims against any of the Released Parties; (g)

approves Settlement Class Counsel's application for attorneys' fees, costs and

expenses and Incentive Payments to the Class Representatives; and (h) finally

dismisses this case with prejudice pursuant to a final judgment.

      6.    It is further ORDERED that:

a.      The Claims Administrator shall establish the Settlement Website, which

shall link to the Class Notice and contain a contact information page with the

address and telephone numbers for the Claims Administrator, Class Counsel and

SCANA's counsel; and

b.      The Claims Administrator shall mail a copy of the Class Notice and the

Claim Form to each proposed Settlement Class Member entitled to notice under

the Settlement as soon as practicable, but no later than forty-one (41) days from the date of this Order.  The Notice and Claim Form shall be sent via first-class United States mail to each Class Member's last known address as provided by SCANA.

7.     Proposed Settlement Class Members shall be afforded an opportunity to request exclusion from the proposed Settlement Class.  Proposed Settlement Class Members who submit a valid Exclusion Request, as described in the Class Notice, no later than November 26, 2014 shall not participate in and shall not be bound by the proposed Settlement.  Proposed Settlement Class Members who do not validly opt out of the proposed Settlement Class in accordance with the Class Notice shall be bound by all determinations and judgments in the action concerning the Settlement, whether favorable or unfavorable.

8.     Proposed Settlement Class Members who have not excluded themselves shall be afforded an opportunity to object to the terms of the Agreement.  Any objection must state the name, address, and telephone number of the proposed Settlement Class Member, verify that the objector is a member of the proposed Settlement Class, and provide a detailed statement of any objection asserted, including the grounds therefor and reasons, if any, for requesting an opportunity to appear and be heard regarding the objection.  This objection must be filed with the Court no later than November 26, 2014.  Any member of the

proposed Settlement Class who does not make his or her objection in the manner provided for in the Agreement and Class Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement, including, without limitation, the award of attorneys' fees and costs to Class Counsel.

9.      On or before December 5, 2014, the Claims Administrator shall file with the Court an affidavit setting forth compliance with the Class Notice provisions contained herein, the total number of valid Claim Forms received, and a list of the names of the persons who, pursuant to the Class Notice, have validly excluded themselves from the proposed Settlement Class.

10.     Within seventy-five (75) days of the Preliminary Approval Order, Class Counsel shall file an application for attorneys' fees, costs and expenses and Incentive Payments to be paid by SCANA under the terms of the Agreement, along with any supporting materials.

11.     On or before December 12, 2014, any party may file a response to any objection or motion to intervene filed by a proposed Settlement Class Member.

12.     All discovery and other pretrial proceedings in this action are stayed and suspended until further order of this Court, except as otherwise agreed to by the parties or as may be necessary to implement the Agreement or this Order.

13.     If the Agreement is not approved, or if the Settlement is terminated for any reason whatsoever, the Agreement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the Parties in this action, shall be deemed null and void, and all Orders issued pursuant to the Agreement shall be vacated.

14.     The Court may adjourn the date and/or time of the Final Approval Hearing without further notice to the Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this <u>4th</u> day of <u>September</u>, 2014.


<u>s/Steve C. Jones</u>
The Honorable Steve C. Jones
United States District Court